The’ opinion of the court was delivered by
TilghmaN, C. J.
This is an action of debt on a single bill for 200 dollars, brought by Martin Hammon, assignee of Mraham Rosenberger, against Richard ' Childerston and George Krouse. The plaintiff having proved th.e execution of the bill, the defendants gave evidence tending to prove, that John Hammon was really ffhe owner of the said bill, which was held in trust for him by Martin Hammon the plaintiff, and then offered evidence that John Hammon was indebted to Richard Childerston, one of the defendants, in a sum greater than the amount of the said bill. To this evidence, the plaintiff objected, and went into evidence to prove, that John Hammon was not the owner of the single bill; and the court, having heard the plaintiff’s evidence, refused to admit the evidence offered by the defendant. It is evident, that by this mode of proceeding, the court below drew to itself the decision of fact as well as law. The defendants had given evidence prima facie suf *70 ficient to show, that the bill which was the cause of action, was held in trust for John Hammon. And if it w.as so held, the defendants had a right to defend themselves, by proving, that John Hammon was indebted to one of them, in an amount greater than the debt demanded in this suit. They should have been permitted, therefore, to go on with their evidence; after which the plaintiff might have produced what evidence he could to the contrary, and then the jury would have decided, whether the single bill was held in trust for John Hammon; and whether the said John was indebted to Richard Childerston, as the defendants alleged. But the court, by interrupting the defendants in the course of their evidence, and let-ing in the evidence of the plaintiff, which was heard by the court, 'and not the jury, took from the jury the trial of a material fact, viz. whether the bond was or was not held by the plaintiff in-trust for John Hammon. ‘ It is not like the case of a witness objected to, on account of interest, where the court, from necessity, must hear and decide on the fact of interest. The interest of the witness is co-lateral to the issue which is trying. But the question whether the single bill on which this suit was brought, belonged to the plaintiff, or was held in. trust for John Hammon, was part of the merits of the cause; because the defendants had a right to set off a debt due from him who was the'equitable owner of the cause of action. The defendants might have pleaded this matter, and the plaintiffs would have been driven- to take issue upon it, which would have carried the trial to the jury. And it is the same as if it had been pleaded ; because the defendants, under the plea of payment, with leave, &c. which they putin, had a right, by.the rules and ^practice of the court, to give any thing in evidence which they might have pleaded. The court, therefore, assumed the trial of the fact which belonged to the jury. The court heard the plaintiff’s evidence, decided that the plaintiff was not a trustee for John Hammon, and for that reason only, rejected the evidence which was offered by the defendants. The defendants should have been permitted to give the evidence they offered, because it was pertinent to the issue; and by not suffering them to give it, the court diverted the trial of a material fact, from its proper tribunal. It is the opinion of this court, therefore, that the judgment should be reversed and a venire de novo awarded.
Judgment reversed and a venire de novo awarded