# Fisher *against* Kean.

To receive counter evidence of facts, adduced to make way for the rejection of other evidence, and thus draw the decision of the cause from the jury to the court, is error.

ERROR to the special court of common pleas of *Dauphin* county. Ejectment by *Jane Kean* against *George Fisher*.

Upon the trial of this cause, the defendant offered in evidence a deed from the plaintiff to him for the land in dispute. The defendant's counsel objected to its admission, on the ground that it had never been delivered ; and gave evidence to the court to establish that fact ; upon which evidence the deed was rejected.

*M'Cormick*, for plaintiff in error.

If the deed offered in evidence were a perfect one, having the properties of execution and delivery, its effect would have been to determine every thing in the cause. Whether it possessed those essential qualities was a substantive matter of fact ; which alone the jury were competent to decide. As well might the court assume the power to determine, upon the plea of *non est factum*, whether the signature was a forgery or not, and, determining it affirmatively, reject the deed. He cited 6 *Serg. & Rawle* 310 ; 1 *Serg. & Rawle* 72 ;

[Fisher v. Kean.]

10 *Serg. & Rawle* 170 ; 1 *Binn.* 442 ; 6 *Serg. & Rawle* 15 ; 1 *Harris & John.* 323 ; 9 *Serg. & Rawle* 68, 82.

*Elder*, contra.

The paper was offered in evidence as a deed ; the court were abundantly satisfied that it wanted the essential quality of a deed, and therefore rightly rejected it.

Per Curiam.—We have more than once spoken in terms of censure of a practice too common in the trial of causes, of receiving counter evidence of facts, adduced to make way for the rejection of other evidence, and thus drawing the decision, perhaps of the whole cause, from the jury to the court. There are several decisions to this effect, of which *Crotzer* v. *Russel*, 9 *Serg. & Rawle* 68, is an instance ; notwithstanding which, we are sorry to see the practice persevered in. Our course, in all instances of it, is a plain one. Here *prima facie* evidence had been given of the execution of a conveyance, which, if found to be the deed of the plaintiff, made an end of the controversy ; yet, this was successfully rebutted before the court, and not the jury, who were the constitutional judges of the fact on which the cause turned. On the very evidence submitted, a jury might have found in favour of the defendant. But the degree of the proof is immaterial, if it makes out a *prima facie* case of competency. Here a deed, apparently well executed on the face of it, acknowledged, recorded and produced by the grantee, was rejected on the faith of proof introduced to rebut the delivery ; and this we are compelled to say was gross error.

Judgment reversed, and a *venire de novo* awarded.