[ PHILADELPHIA, FEBRUARY 29TH, 1840. ]

TUSTIN and Another *against* CAMERON.

| 5wh379 |
| 165　442 |
| 5wh379 |
| e196 193 |
| 5 Wh 379 |
| f219　　154 |

IN ERROR.

In an action on a promissory note given by the defendants in favour of the plaintiff, it was *held,* that the defendants might set off a debt due by the plaintiff to a company or partnership of which the defendants were members; the other members of the company or partnership authorising the same.

ERROR to the District Court for the City and County of Philadelphia.

(Tustin v. Cameron.)

In the Court below John Cameron brought an action on the case against Thomas Tustin and George W. Harris, lately trading under the firm of Tustin & Harris, upon two promissory notes, dated the 2d of October, 1838, for five hundred and fifty-three dollars each, drawn by the defendants in favour of the plaintiff; one payable in thirty days, and the other in sixty days after date.

The defendants filed the following affidavit of defence.

" George W. Harris, one of the defendants above named, being duly sworn, says:—The above named defendants have a just and legal defence to the whole of the plaintiff's claim in this case, the nature and character of which defence are as hereinafter set forth. Prior to and on the 4th day of November, a. d. 1838, the plaintiff was, and has ever since continued to be, and still is indebted, to a firm styled the Western Transportation Company, (consisting of the above named defendants and David Leech, Thomas S. Clark, William Little, Thomas Leuford, James Arthur, and Robert S. Hays,) in the sum of two thousand dollars and upwards, for money had and received by the said plaintiff, before the said 4th day of November, a. d. 1838, as the agent of and for the use of the said Western Transportation Company ; by all the members of which the defendants are expressly authorised and requested and do therefore claim to set off against the plaintiff's claim in this suit, so much of his said debt to the said Western Transportation Cmpany as may be necessary to extinguish the plaintiff's said claim."

A rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, was granted by the Court: and after argument the rule was made absolute. Whereupon the defendants took this writ of error.

Mr. *Meredith,* for the plaintiffs in error, cited *Wrenshall* v. *Cook,* (7 *Watts,* 464.)

Mr. *St. Geo. T. Campbell,* for the defendant in error.

Per Curiam.—This case has every feature of *Wrenshall* v. *Cook,* except the plaintiff's insolvency. Such a feature, however, is not an essential one; though, existing in that case, it was stated as a circumstance to make the expediency of a set-off more apparent. It is the practicability of avoiding circuity and needless costs with safety and convenience to all parties, which determines the question of set-off: and an increasing liberality has greatly, but cautiously and beneficially enlarged the doctrine within a few years past. Thus in *Childerston* v. *Hammond,* (9 *Serg. & Rawle,* 68,) and *Stewart* v. *Coulter,* (12 *Serg. & Rawle,* 252,) a defendant jointly sued, was allowed to set off the plaintiff's debt separately due to himself; a superior equity in a third person not being in the way. Is not that the converse of our case, in which a defendant separately sued

(Tustin *v.* Cameron.)

proposes to set off a partnership debt with the assent of his partners? In *Henderson* v. *Lewis*, (9 *Serg. & Rawle*, 379,) a debt due to the plaintiff by a co-obligor sued but not summoned, was not allowed to be set off with the co-obligor's assent, only because he was effectively a stranger to the action; and a third person is never suffered to make it a medium of recovery by cross action, without risk of costs. That is very different from a recovery of the defendant's own demand with the license of those who have a concurrent interest in it. Such is a partnership cross demand; and it is ground of defence here.

Judgment reversed and a <em>procedendo</em> awarded.