## Smith & Company *versus* Myler & Aber.

1. It was not a ground of error that the defendants, who were in possession of a negotiable note, part of which was offered by way of set-off or equitable defence, did not *first* prove the share of it to which they were entitled.

2. It was not admissible for the plaintiff to object to the admission in evidence of a note, which was offered by way of equitable defence, that it or a part of it had been previously used as a set-off in another suit by the same plaintiffs against another defendant. Such evidence was only admissible by way of *replication*. It was not in order as an objection to the evidence.

3. Set-off, beyond the letter of the statutes, is an equitable defence.

4. Though a note jointly owned by two persons can be sued upon only in a joint action, yet either of the owners of it, with the assent of the other, may use it by way of equitable defence in a suit against himself alone; or they may sever in such use of it, each party defending, in a suit against himself alone, to the extent of his interest in it.

5. An instrument of writing filed with the *precipe* in the suit, purporting to be an assignment of the claim in suit to the party for whose use the suit was brought, was not admissible in evidence on his part, without proving it by one of the subscribing witnesses or accounting for their absence, &c.

ERROR to the District Court of *Allegheny county*.

There were two actions on the case, one to January Term, 1852, No. 129; the other to April Term, 1852, No. 575, by James R. Smith & Co., for the use of Lewis Cooper, *v.* Myler & Aber. In the first, the claim was for $329.37 with interest, for goods sold and delivered; and the other was for $875.59 with interest, also, for goods sold, &c. On the trial, on part of plaintiffs was given in evidence the sworn copy of their account filed in the cases; and there was read a memorandum on the docket in the last case, purporting to be an assignment of the same to Lewis Cooper, dated March 11, 1852. The plaintiff's counsel then rested.

On part of *defendants*, was then offered in evidence a promissory note of James R. Smith & Co., dated March 7, 1851, at eight months, for $2341.51, payable to the order of Stuart and Brother, and by them endorsed "without recourse;" alleging that $1150.20 of said note, with the interest on said sum, was due and payable to the defendants; and that the residue thereof belonged to *John Thompson*. The plaintiffs objected to such evidence, for the following reasons, viz.

1st. That there is no evidence that part of said note belongs to the defendants.

2d. This note having been offered in evidence, under the pleas of payment and set-off, in the suit of the present plaintiffs *v.* John Thompson, No. 128, January Term, 1852, tried yesterday, cannot be used as a defence in this action.

[Smith & Co. *v.* Myler & Aber.]

3d. That the contract (to wit, the note) being entire, cannot be divided for the purpose of action or defence.

WILLIAMS, J., admitted the evidence. Exception on part of plaintiffs.

In a memorandum on a paper-book in the case of Thompson, which was also brought up, it was stated that in that and this case, it was proved that the defendants became possessed of the note offered as a set-off, on 31st October, 1851; viz. prior to the institution of this suit.

At the foot of the plaintiff's account, filed with the precipe and bill of particulars, in No. 575, April Term, 1852, was an assignment, viz.: "For valuable consideration, to us paid by Lewis Cooper, we hereby assign, transfer, and set over, unto the said Lewis Cooper, the amount of the above account and claim, due to us by and from Myler & Aber, and authorize the said Lewis Cooper to use our names to sue for and collect the same.
Signed,                                  JAMES R. SMITH & Co."
There were two subscribing witnesses.

The plaintiff's counsel offered in evidence *the said assignment*, for the purpose of showing that Cooper became the assignee of the claim *before* the defendants became the purchasers of the note, part of which was attempted to be set off.

It was objected to for the reasons, that the assignment was not proven; that the filing of the assignment did not dispense with the proof of its execution by a subscribing witness; and further, that there is no evidence that Cooper paid value therefor, nor is there any offer to show payment of consideration.

The Court sustained the objections, and plaintiff's counsel excepted.

The defendants then called *John Thompson*, who proved the sale of the note by the agent of Stuart and Brother, to himself and the defendants, and their respective interests therein, as before stated. The case was closed on both sides.

March 31, 1853, verdict for defendants.

Error was assigned to the admission of the note, and to the rejection of the assignment.

*G. P. Hamilton*, for plaintiffs in error.—Set-off is, in substance, a cross action for an entire demand, and must be prosecuted for the whole claim: 1 *Harris* 554, Pennell *v.* Grubb; 9 *Watts* 567, Good *v.* Good. In this case it was attempted to make the note the subject of *three* cross-demands in favor of as many different parties.

2. The note was finally disposed of, in the action between the plaintiffs and John Thompson, in No. 128, January Term, 1852, tried immediately before the present action, and before the same

judge. The presumption was, that in that case the whole claim was disposed of : 2 *Strange* 1259. The jury was bound to dispose of all of it, and to give a certificate for any balance : 9 *Watts* 567 ; 1 *Jones* 243.

3. The division of the note between Thompson and Myler & Aber prevented either party from using it as a set-off, because thereby, the mutuality of indebtedness was destroyed : 14 *Ser. & R.* 301.

The assignment to Cooper was some evidence of consideration, and the burden of proving the contrary lay on the opposite party.

*Selden,* for defendants.—The possession of the note, it being negotiable, was evidence of ownership.

2. That the note was offered in defence in the action of the same plaintiff *v.* John Thompson, was not a sufficient reason why it should not be used in defence in this action. Part of it, to the amount of $1150.20, belonged to the defendants, the residue to Thompson. One of two partners with the assent of his copartner may use a joint claim by way of set-off or equitable defence : 7 *Watts* 464, Wrenshall *v.* Cook & Schoyer ; 2 *Barr* 264, Craig *v.* Henderson ; 2 *Jones* 347, Solliday *v.* Bissey ; 5 *Wharton* 379, Tustin *v.* Cameron. The jury, under the direction of the Court, may do equity *as to costs* : 5 *Ser. & R.* 200, Hart *v.* Porter.

John Thompson, the other party interested in the note, was a witness, and proved the separate interests of himself and the defendants.

The opinion of the Court was delivered, September 22, by

WOODWARD, J.—These were actions on the case for goods sold and delivered, both of which were tried at the same time, March 31, 1853, on pleas of set-off and payment with leave. The plaintiffs having proved the cause of action, the defendants, to support their plea of set-off, offered in evidence a promissory note of James R. Smith & Co., dated March 7, 1851, at eight months, for the sum of $2341.51, payable to the order of Stewart & Bro., and by them endorsed "without recourse," and they alleged that $1150.20 of said note, with interest, was due and payable to them, and that the residue thereof belonged to John Thompson. To this offer the plaintiff interposed three objections :

1. That there is no evidence that part of said note belongs to the defendants.

2. This note having been offered in evidence under the pleas of payment and set-off in the suit of the present plaintiffs *v.* John Thompson, No. 128, January Term, 1852, tried yesterday, cannot be used as a defence in this action.

[Smith & Co. v. Myler & Aber.]

3. That the contract (to wit, the note), being entire, cannot be divided for the purpose of action or defence.

The opinion of the Court in overruling these objections, and admitting the evidence, is the first error assigned on this record. Was there error in this?

The first of the above objections was obviated by the defendants subsequently calling John Thompson as a witness, who proved the sale of the note by the agent of Stewart & Bro. to himself and the defendants, and that their respective interests therein were as above stated. At the time the note was offered, the defendants stood as sole endorsees, and of course entitled to appropriate the whole of the note, but they subsequently explained by evidence what they had previously alleged as to the extent of their interests. That they did not give this evidence before they offered the note, is no just ground of complaint. When a party's case consists of several connected but distinct facts, he must be permitted to prove them *pari passu*, and the order of their proof is generally matter of professional taste. When they have all been proved, it is no ground of error that the last was not first and the first last.

The matter of the second objection would have been properly offered by way of replication to the defence, but it was out of time and place as an objection to evidence. The Court could not stop the regular course of trial for the purpose of receiving evidence from the plaintiff of the suit against Thompson, and what was adjudicated therein. As well might a defendant who is sued on his bond, object to its going in evidence because he could show a former recovery, or that it had been paid. Such a mode of trying causes would withdraw the facts of every case from the jury, and precipitate the Court into the decision of them on questions of evidence. The Court was right in turning a deaf ear to this objection. They could not deal with it as a question of evidence. Had the plaintiff offered it as rebutting evidence after the defendants had closed their case in chief, the questions that have been discussed before us would have been properly raised, but no such offer was made, and consequently these questions are not regularly here. It may be added, however, that we do not think the record of the suit against Thompson, had it been offered when it might have been received, would have taken away the defendants' set-off. Set-off, beyond the letter of the statutes, is an equitable defence, and equity regards the substance of things rather than their form. The interests of these defendants in the note could not, without their consent, have been set off by Thompson in his suit, and as there is no allegation of such consent, there can be no presumption of such set-off. And though these separate interests would have been compelled to unite in an action at law for the recovery of the note, yet they may sever by way of set-off, for if they owned the note

[Smith & Co. *v.* Myler & Aber.]

in the proportions stated, it is against equity that the defendants should be compelled to pay money to the plaintiffs, which they honestly owed to the defendants. Beside, allowing Thompson to set off his share of the note against the plaintiffs in the action referred to, and the defendants to set off their share in the present suits, was well calculated to prevent circuity and needless costs with safety and convenience to all parties; and the practicability of this, said Chief Justice GIBSON in Tustin *v.* Cameron, 5 *Wharton* 380, is what determines the question of set-off. He adds, that an increasing liberality has greatly but cautiously enlarged the doctrine within a few years past.

This perhaps is enough to be said on a question which, though argued, is really not in the record.

The third objection is answered in the observations already made   It is true the note could not be divided for the purpose of action, but it may for defence under the equitable plea of set-off. The saying that set-off is a cross action is true for some purposes, but it must not be understood absolutely.   There are several vital distinctions.   There cannot be set-off against set-off: Ulrich *v.* Berger, 4 *W. & Ser.* 19. In a suit for a chose in action, the plaintiff must have a legal title, or use the name of him in whom the legal title is; but a defendant by way of set-off may use a chose which has been only equitably assigned to him: Murray *v.* Williamson, 3 *Bin.* 135.   Again: In an action on contract, all the parties in interest must join; but it has been several times decided in Pennsylvania that a joint claim may be set off by one of the owners in an action against him for his own proper debt, provided he have the express assent of his copartners, and there are no third interests to be prejudiced: Wrenshall *v.* Cook & Schoyer, 7 *W.* 464; Tustin *v.* Cameron, 5 *Whar.* 380; Craig *v.* Henderson, 2 *Barr* 261; Solliday *v.* Bissey, 2 *Jones* 347.   And this assent may be given after action brought, and the jury may under the direction of the Court do equity as to costs: Hart *v.* Porter, 5 *Ser. & R.* 200.   Thus it appears there are essential distinctions between actions and set-offs, and the proposition that an entire contract cannot be divided for set-off, because it cannot for action, is a *non sequitur*. The precise point ruled here has not perhaps been decided, but we have no doubt that on the general principles of law and equity which have been recognised in Pennsylvania as applicable to set-offs, it was quite competent for each of the owners of this note to avail themselves of their respective interests in it against the actions of the plaintiffs.

The second error assigned is for rejecting the assignment of 29th October, 1851, James R. Smith & Co. to Lewis Cooper, of the claim in the second of the above-named suits. The objection was that it was not proved. There were two subscribing witnesses,

[Smith & Co. *v.* Myler & Aber.]

neither of whom was called, nor their absence accounted for. Of course the Court could not admit the paper in evidence. The filing the assignment with the *precipe* did not dispense with the necessity of proving its execution before it could be put in evidence.

On the whole, we are of opinion there is no error in these records, and the judgments are accordingly affirmed.