### George W. Geiger *v.* Aaron Peterson.   James Rumbaugh's Appeal.

*Mortgage—Assignment—Equities.*

The assignee of a mortgage takes it subject to all equities between the mortgagor and mortgagee.

Where the mortgagor accepts an order drawn upon him by the mortgagee for a portion of the mortgage debt, he is liable to a subsequent assignee of the mortgage only for the difference between the amount of the mortgage and the order.

Argued Oct. 3, 1894. Appeal, No. 36, Oct. T., 1894, by assignee of defendant, mortgagee, from order of C. P. Westmoreland Co., Aug. T., 1893, No. 412, dismissing exceptions to auditor's report. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to report of H. W. Walkinshaw, Esq., auditor.

The following opinion was filed by DOTY, P. J.:

" The fund was paid into court on petition of the mortgagor under the provisions of the act of April 3, 1851, § 14, P. L. 871. The full amount of the mortgage with interest and costs to the date of payment was paid, as required by said act: Parker v. Rawle, 148 Pa. 208. This fund is now to be distributed ' as to right and justice shall belong.'

" The mortgage was in the sum of $2,000. The contest here concerns only the sum of $150. The contest is directly between

the mortgagor and the assignee of the mortgage, and arises in this wise : On Sept. 13, 1877, A. T. Peterson, one of the mortgagees, gave an order to one Archibald Fletcher for $150, which order was accepted by George W. Geiger the same day, ' payable as soon as that amount shall be due in my hands.' The mortgage was due at the death of Elizabeth Peterson, which occurred June 1, 1893. Thirty-six days after the acceptance of said order, to wit, on Oct. 19, 1877, the said A. T. Peterson, for value received, assigned all his right, title, interest and claim in said mortgage to James Rumbaugh, who had no notice of the said order. There is nothing to show collusion between George W. Geiger and A. T. Peterson. Fletcher, the payee, is not a claimant here for the amount of the order. Rumbaugh claims the full amount, the $2,000, with interest, by virtue of the assignment of Oct. 19, 1877, and Geiger claims the sum of $150 on account of his acceptance of the order on Sept. 13, 1877. By such acceptance, George W. Geiger became directly liable to Archibald Fletcher, the payee. It seems clear that the drawer could not have recovered this amount from the mortgagor without taking up the order, or offering to return it : King v. Kelley, for use, 51 Pa. 36. It was a virtual payment of the mortgage to the extent of $150. And until the mortgagee relieved Geiger of his liability on such acceptance there would be no justice in requiring the mortgagor to pay the same amount to Peterson, the drawer of the order and the mortgagee. The rule is well settled that the assignee of a mortgage takes the same subject to all equities between the mortgagor and mortgagee : Morgan's Appeal, 126 Pa. 500 ; Theyken v. Howe Machine Co., 109 Pa. 95.

" It was clearly the duty of the assignee to make inquiry of the mortgagor prior to taking the assignment. Had inquiry been made the fact of the payment would have been ascertained. Where inquiry becomes a duty, the party who neglects it should be visited with at least constructive notice of the facts that probably would have been brought to light if inquiry had been made : Leonard's Appeal, 94 Pa. 168.

" Under the facts of this case, we think the assignee of the mortgage was in default and not entitled to the sum of $150.

" Nor has the exceptant any just ground of complaint that the costs of audit were taken out of the fund for distribution.

On the authority of Parker v. Rawle, supra, the auditor would have been justified in imposing all the costs of audit upon the exceptant.

" And now, Nov. 4, 1893, after due consideration, the report of the auditor is confirmed and the exceptions thereto are dismissed; and, if no appeal be taken within twenty days, the money is directed to be paid over accordingly, as of course, without special order."

*Error assigned* was above order.

*Edward E. Robbins, G. S. Rumbaugh* and *John E. Kunkle,* with him, for appellant.—In determining, after the money is paid into court, how much is in fact due, and how much therefore should be paid to the mortgagee, and how much returned to the mortgagor, the court will consider the matters which the mortgagor could allege in defence : Tricket on Liens, § 190.

Mere acceptance is insufficient to sustain a set-off : Morrison v. Moreland, 15 S. & R. 62 ; Pennell v. Grubb, 13 Pa. 551 ; T. & H. Pr. § 550 ; Sennett v. Johnson, 9 Pa. 335 ; Com. v. Councils of Pittsburg, 34 Pa. 496 ; McMasters v. Wilhelm, 85 Pa. 220 : Mifflin Co. Nat. Bank's Ap., 98 Pa. 153 ; Wethrill's Ap., 3 Grant, 284 : 3 Randolph on Com. Paper, § 1663 ; 2 Randolph on Com. Paper, § 625 ; Byles on Bills, 199; Assurance Co. v. Power, 12 Phila. 377 ; Davis v. Barr, 9 S. & R. 140 ; Mott v. Clark, 9 Pa. 404; Lovingston v. Dean, 2 J. C. P. 479.

*J. J. Johnson,* for appellee, cited : Act of April 3, 1851, § 14, P. L. 871 ; Parker v. Rawle, 148 Pa. 208; Dull v. Bricker, 76 Pa. 255; King v. Kelley, 51 Pa. 36 ; Morgan's Ap., 126 Pa. 500 ; Theyken v. Howe Machine Co., 109 Pa. 95; Leonard's Ap., 94 Pa. 168.

PER CURIAM, Oct. 15, 1894 :

The fund distributed, $2,013, was paid into court by the mortgagor under the act of April 3, 1851, P. L. 871, and the only contention here is as to the right of George W. Geiger, the mortgagor, to participate in the distribution to the extent of $150.97 awarded to him by the learned auditor and court below.

We have considered the question, and are satisfied that there is no error in the distribution. All that can be profitably said on the subject is contained in the opinion of the learned president of the common pleas ; and on it we affirm the decree and dismiss the appeal, with costs to be paid by the appellant, James Rumbaugh.