## Victor Hibert *v.* F. X. L. Lang, Appellant.

*Set-off—Circuity of action—Equity—Practice.*

In general, in order to support a set-off there must be cross demands between the same parties and in the same rights, such as would sustain mutual actions against each other, yet wherever there is the practicability of avoiding circuity of action and needless costs, with safety and convenience to all parties, or where there is a special equity to be subserved, and no superior equity of third parties will be injured, a set-off will be allowed upon equitable principles, though the case does not come within the language of the statute.

Where one of two several sureties on a bond is sued on the bond, the defendant, with the consent of his co-bondsman, may set off a judgment in favor of the co-bondsman against the plaintiff.

Argued Oct. 25, 1894. Appeal, No. 131, Oct. T., 1894, by defendant, from order of C. P. No. 2, Allegheny Co., April T., 1894, No. 578, making absolute rule for judgment for want of sufficient affidavit of defence. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Rule for judgment for want of sufficient affidavit of defence in assumpsit on bond.

From the record it appeared that the action was brought against defendant for the purpose of recovering the sum of $299.10 on a bond of F. X. Woog, upon which bond defendant and Edward D. Wingenroth were sureties severally.

E. D. Wingenroth filed an affidavit of defence as follows :

" Ed. D. Wingenroth, agent of the said defendant in this behalf, being by me duly sworn, saith, That the defendant has a just and legal defence to the plaintiff's claim. That the plaintiff is justly and legally indebted to the said Ed. D. Wingenroth, a co-bondsman of the defendant, and is the defendant in an action brought to recover the same debt at No. 577, April term, 1894, in the sum of $246.90, as per statement thereof thereto attached and made part thereof ; and the said Wingenroth desires that the same be set off in this action. That the said debt is a good set-off and defalcation in this action and is wholly due and unpaid."

Rule for judgment absolute. Defendant appealed.

*Error assigned* was above order.

*James Fitzsimmons*, for appellant.—Two defendants sued jointly may set off a debt due to one of them : Childerston v. Hammon, 9 S. & R. 68 ; Stewart v. Coulter, 12 S. & R. 252 ; Henderson v. Lewis, 9 S. & R. 379 ; Crist v. Brindle, 2 Rawle, 121 ; Balsley v. Hoffman, 13 Pa. 603 ; Miller v. Bomberger, 76 Pa. 79 ; Craig v. Henderson, 2 Pa. 261 ; Murray v. Williamson, 3 Bin. 135 ; Rider v. Johnson, 20 Pa. 192 ; Wrenshall v. Cook, 7 Watts, 464 ; Hugg v. Brown, 6 Whart. 468.

The fact that defendant and Wingenroth were sued separately would make no difference in this action as they were jointly liable.

In case of partnership it has been uniformly held that a member of a firm, with the assent of his copartners, may set off, in an action against him individually, a debt due to the firm by the plaintiff in the action: Montz v. Morris, 89 Pa. 392.

*Breck & Vaill,* for appellee, submitted a paper-book in which they argued as follows : Where two persons bind themselves severally in a bond, it is, in the absence of express words implying a joint liability, the same as if each of the covenantors had executed separate bonds on the same paper, and a joint action cannot be maintained against them, but each must be sued separately: Chitty on Contracts, 354; Bacon's Abridgement, 254.

If, however, there existed anything in the bond creating a joint as well as a several liability, plaintiff would have his choice of suing the bondsmen jointly or severally, which choice he exercised in this case by suing severally.

Appellant not having obtained this alleged set-off by purchase or assignment, he is precluded from using it here, on the authority of those cases which hold that a set-off cannot be used by a defendant against a plaintiff if the right of set-off was not acquired by the defendant until after the institution of the suit: Stewart v. Ins. Co., 9 Watts, 126; Huline v. Hugg, 1 W. & S. 418.

OPINION BY MR. JUSTICE MITCHELL, Jan. 7, 1895 :

The foundation of set-off is the prevention of circuity of action. It is therefore the general rule that the cross demands must be held by the same persons and in the same rights, so that actions may be maintained thereon each against the other. But the whole doctrine is founded on equitable principles. It has frequently been held that our defalcation act is much broader than the English statutes, and it was said by Chief Justice GIBSON in Frantz v. Brown, 1 P. & W. 257, that "Set-off was originally nothing more than an equitable defence which the legislature has thought fit, in plain and simple cases, to subject to the jurisdiction of the courts of common law, reserving to chancery its original jurisdiction of cross demands which do not fall within the statute. . . . The courts would be competent to do complete justice without the statute, as is shown by their having frequently gone beyond it," instancing Chil-

derston v. Hammon, 9 S. & R. 68, where it was held that two defendants sued jointly may set off a debt due by plaintiff to one of them, and this although the set-off was not a debt of the plaintiff but of one for whom he was alleged to be a mere trustee. And to the same point is Stewart v. Coulter, 12 S. & R. 252, where the decision was expressly put on equitable grounds and subject to the limitation that no superior equity be shown in a third person.   In the same line of illustration may be noted Crist v. Brindle, 2 Rawle, 121, where it was held that two obligors on a bond given to executors for a debt due to testator may set off a debt due by the testator to one of them, he being the principal, and the other defendant the surety; Tustin v. Cameron, 5 Whart. 379, a defendant may with the assent of his partners set off a claim of the firm against his individual debt to the plaintiff; Balsley v. Hoffman, 13 Pa. 603, in suit on a replevin bond by the sheriff for the use of the defendant in the replevin, against the plaintiff and his surety, the latter may with the consent of his principal set off a judgment in the principal's favor against the use plaintiff; Smith v. Myler, 22 Pa. 36, though a note jointly owned by two can only be sued upon jointly, yet they may sever by way of set-off, and each may use it to the extent of his interest in it, as a set-off in a separate action against himself.

The result of these cases is that although in general in order to support a set-off there must be cross demands between the same parties and in the same rights, such as would sustain mutual actions against each other, yet wherever there is the practicability of avoiding circuity of action and needless costs, with safety and convenience to all parties (GIBSON, C. J., in Tustin v. Cameron, 5 Whart. 379), or where there is a special equity 'to be subserved, and no equity of third parties to be injured, a set-off will be allowed upon equitable principles, though the case does not come within the language of the statute.

The special equity of the present case is manifest.   Defendant and Wingenroth are sureties on a recognizance in error for one Woog, which has been forfeited.   Defendant with the consent of Wingenroth asks to·set off a judgment in favor of the latter against the plaintiff.   If the recognizance had been joint as well as several, and defendant and Wingenroth had been

sued together on it, there could have been no doubt about the right of set-off.   Childerston v. Hammon, 9 S. & R. 68, would have been exactly in point.   Why should the result be different when they are sued separately ?   It is not the intermeddling of strangers.   Though not parties to the same record, they have a common interest, each in the suit against the other, arising out of the right of contribution between co-sureties.   If this set-off is not available to defendant then he will have judgment against him for the whole amount, and when he has been compelled to pay that, is he to have contribution from Wingenroth ?   If not then he has lost his right of contribution without any fault of his own ; if he is to have it, then Wingenroth has to that extent been deprived of his unquestionable right to the set-off ; in either case an unjust result which equity should not permit.

No exact precedent has been found for this case on its facts, and the result reached appears to be at variance with Henderson v. Lewis, 9 S. & R. 379.   But there is no real conflict.   The special equity that exists here did not appear there because the cause of action being joint the judgment against the one sued would discharge the co-obligor, and the right of contribution had been released.

We are of opinion therefore that the affidavit set up a good defence.

Judgment reversed and procedendo awarded.