In re WIENER & GOODMAN SHOE CO.

(District Court, E. D. Pennsylvania. May 17, 1899.)

No. 3.

1. BANKRUPTCY—PROVABLE DEBTS—RIGHTS OF ASSIGNEE.

Where, under the law of the state, the assignee of a nonnegotiable judgment note takes it subject to all equities and defenses available against it in the hands of the assignor, he will not be entitled to prove it as a claim against the estate of the maker in bankruptcy, unless the assignor could have done so.

2. SAME—OBJECTIONS TO PROOF—UNPAID SUBSCRIPTION TO CORPORATE STOCK.

Where a creditor of a corporation is also a subscriber for its corporate stock, and his subscription has not been fully paid, he will not be allowed to prove his claim against the estate of the corporation in bankruptcy until he has paid the balance remaining due on his subscription.

In Bankruptcy.

Appeal by Simon Wiener, as a creditor of the bankrupt corporation, from an order of the referee in bankruptcy disallowing his claim against the bankrupt. One Albert Wiener, being a subscriber for capital stock in the corporation, paid into its treasury one-half the par value of the stock subscribed for; and about a month later he received from the corporation a sealed instrument in the form of a nonnegotiable promissory note, payable to himself, for the same amount, which he assigned to his brother, the present claimant. The referee held that the note was without consideration, and was not a provable debt against the corporation in bankruptcy, in the hands of an assignee.

Charles J. Hepburn, for claimant.
John W. Wetzel and James F. Campbell, for creditors.
Wilbur F. Sadler, for bankrupt.

McPHERSON, District Judge. We agree with the conclusion of the learned referee. Under the Pennsylvania law, Simon Wiener took the judgment note in controversy subject to all the equities and defenses that would have been available against it if it had remained in the hands of his brother, Albert. In addition to the cases cited by the referee, we may add Reineman v. Robb, 98 Pa. St. 474; Theyken v. Machine Co., 109 Pa. St. 95; Geiger v. Peterson, 164 Pa. St. 352, 30 Atl. 262; and Bank v. Roessler, 186 Pa. St. 431, 40 Atl. 963. This rule does not apply in its fullness to the assignee or indorsee of overdue negotiable paper, but the restriction in favor of such paper is obviously not applicable to the sealed instrument now under consideration.

One defense to the note in the hands of Albert Wiener was the fact that he still owed the company upon his contract of subscription to the capital stock. This defense is now at the service of the other creditors, for it certainly cannot be endured that a creditor, who is also a debtor, of an insolvent, and is therefore withholding money to which his fellow creditors are entitled, shall be allowed to take away from them part of the other assets of the bankrupt. He cannot be permitted to diminish a fund that he is under obligation to increase, and thereby deprive the other creditors of money that it would be his duty immediately to return. If the company had continued to be solvent, it might or might not have been at liberty, under all circumstances, to set off his subscription against its liability on the note. That point is not now involved, for the fact of insolvency has supervened, and this creates a situation in which the rights of other creditors must also be considered. It would be highly inequitable to allow him to apply a part of the assets for his own benefit, until he has put into the fund the money that he justly owes. He must cease to be a debtor before he can enforce his claim as a creditor. The appeal is dismissed, and the action of the referee is confirmed.