## Trexler v. Trexler.

*Calvin E. Arner,* for plaintiff; *Edwin K. Kline,* for defendant.

RENO, P. J., Oct. 6, 1930.—On Oct. 1, 1926, Clarence D. Trexler and Perma E., his wife, executed and delivered to Milton C. Trexler a mortgage for $4200, covering premises owned by the mortgagors as tenants in common. Subsequently, Milton C. Trexler assigned the mortgage to Emma K. Trexler, who has instituted a *sci. fa.* thereon, naming Perma E. Trexler as defendant, Clarence D. Trexler having died meanwhile. The defendant, by her affidavit of defense, seeks to set off against plaintiff's claim upon the mortgage the sum of $1876, which is one-half of the principal and interest due upon a judgment note given by Milton C. Trexler to Clarence D. Trexler on Nov. 1, 1923. Defendant contends that as one of her husband's heirs, the other being a minor child, she is entitled to one-half of the note and that she can set it off against the demand upon the mortgage.

Of course, plaintiff took the assignment of the mortgage subject to any equities existing between the original parties; and this familiar principle permits a mortgagor to set off claims against the mortgagee acquired by the mortgagor prior to the assignment or notice thereof: Geiger *v.* Peterson, 164 Pa. 352; Carmalt *v.* Post, 8 Watts, 406; Rider *v.* Johnson, 20 Pa. 190. Defendant acquired her claim by her husband's death on March 31, 1929, which she alleges was prior to notice of the assignment. So that, as far as that aspect of the case is concerned, she would be entitled to a set-off, provided, of course, that at a trial she could show that the claim was acquired before notice of the assignment.

But the answers to the larger and more important questions here involved defeat her right to the use of the judgment note as a set-off. She is attempting to use in her individual capacity a claim which is an asset of her husband's estate and has apparently not been distributed, and, therefore, action upon it must be in her name as administratrix. This, however, is not necessarily fatal; for it has been said that the principle which requires mutuality of demand for the allowance of a set-off is satisfied not only when there is a right of action upon the claim by the defendant, but also when the defendant has a right of property in the chose: *Cf.* Solliday *v.* Bissey, 12 Pa. 347; Wolf *v.* Beales, 6 S. & R. 242; Hunter *v.* Henning, 259 Pa. 347. Hence, we would experience no great difficulty in looking beyond the form to the substance of the thing, and, finding that defendant was in fact and in law the owner of one-half of the claim, permit her to use it as a set-off.

But when that has been sanctioned, the fact still remains that she is attempting to use an obligation payable to herself and a minor child. The cases hold that when a note is owned by two persons, one owner may, with the express assent of the other, use it by way of set-off in a suit brought against one owner: Smith *v.* Myler, 22 Pa. 36; Jack *v.* Klepser, 196 Pa. 187; Cochran *v.* Cutter, 18 Pa. Superior Ct. 282; Hibert *v.* Lang, 165 Pa. 439; Gerber *v.* Meredith, 160 Pa. 102; Mower *v.* Reverting Fund Assurance Ass'n, 1 Pa. Superior Ct. 170. It follows that defendant's right to use the note as a set-off is dependent upon the express assent of the co-owner, her minor daughter. Her assent is not alleged in the affidavit of defense and in the nature of things is probably not securable. Yet, as the cases indicate, this is an indispensable requisite; for, although the proportions in which the owners hold the debt may be established by testimony, still the express assent of the owners to its use as a set-off must likewise be shown. And if this is required when the owners are *sui juris*, it certainly cannot be omitted when one is a minor.

We have not lost sight of plaintiff's contention that the judgment upon the note was entered irregularly, that is, having been entered after the death of Clarence D. Trexler, was entered without a suggestion of the death of the payee and without substitution of his administratrix as plaintiff. However that may be, the debt still subsisted and the claim evidenced by the note might have been used as a set-off, even if the judgment upon it was not valid: *Cf.* Mower *v.* Reverting Fund Assurance Ass'n, *supra.*

Now, Oct. 6, 1930, the rule for judgment for want of a sufficient affidavit of defense is made absolute; and the prothonotary shall, upon plaintiff's præcipe, enter judgment for the principal, interest and commission due upon the mortgage.

From Edwin L. Kohler, Allentown, Pa.