592 A.2d 130

**Constance B. FOSTER, Insurance Commissioner of the Commonwealth of Pennsylvania, as Rehabilitator of the Mutual Fire, Marine & Inland Insurance Company, Plaintiff,**

v.

**HOME INSURANCE CO., Defendant.**

**No. 3483 C.D. 1986 (AS).**

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 1990.

Decided May 30, 1991.

Reconsideration Denied June 28, 1991.

Joseph A. Eagan, Jr., Philadelphia, for plaintiff.

Stephen P. Chawaga, Philadelphia, for defendant.

Before CRAIG, President Judge, BYER, J., and CRUMLISH, Jr., Senior Judge.

## OPINION

CRUMLISH, Jr., Senior Judge.

Home Insurance Company preliminarily objects to the complaint filed by Constance Foster, Insurance Commissioner of the Commonwealth, in her capacity as the statutory rehabilitator of the Mutual Fire, Marine and Inland Insurance Company.

As in the case of the Rehabilitator's complaint against Philadelphia Manufacturers Mutual Insurance Company, *Foster v. Philadelphia Manufacturers,* 140 Pa.Commonwealth Ct. 186, 592 A.2d 131 (1991), the defendant has filed a preliminary objection raising, *inter alia,* the question of this court's jurisdiction. Pa.R.C.P. No. 1017(b)(1).[1] Home avers that the presence of arbitration clauses in the reinsurance and retrocessional agreements it is said in the complaint to have breached divests this Court of jurisdiction.

This issue was addressed in the opinion accompanying our order in *Philadelphia Manufacturers,* wherein we dismissed the Rehabilitator's complaint and referred the contractual dispute to arbitration. For the reasons set forth in that opinion, we will direct the same disposition of Home's preliminary objections in this case.

## ORDER

Now, this 30th day of May, 1991, the preliminary objections of defendant are sustained and the Rehabilitator's complaint is dismissed.

Plaintiff and Defendant shall each, within thirty (30) days of the date of this Order, appoint an arbitrator, pursuant to the terms of the agreements listed in Counts I through VIII of the complaint.

1. These preliminary objections were informally consolidated for argument with *Philadelphia Manufacturers.*

Plaintiff and Defendant shall each appoint a single arbitrator for all of said agreements and shall so advise this Court immediately upon the arbitrator's appointment.