[CHAMBERSBURG, NOVEMBER 1, 1828.]

ROSS, Garnishee of ROSS, *against* M'KINNY, for the use of ROSS.

IN ERROR.

In a foreign attachment against A. as defendant, and a *Scire Facias* against B., executor of C., as garnishee, to recover a legacy bequeathed by C. to A., it is a good defence, that C. was surety for A.; and the executor had been sued, and was likely to be compelled to pay the money; and the court will direct a conditional verdict for the plaintiff, to prevent issuing execution till the executor be rendered safe.

*Query,* if a legacy can be attached?

ERROR to the Court of Common Pleas of *Perry* county.

The opinion of the court was delivered by

ROGERS, J.—This was a foreign attachment against *Thomas Ross,* in which the defendant in error, *Samuel Ross,* was gar-

(Ross, Garnishee of Ross, *v.* M'Kinny, for the use of Ross.)

nishee. *John Ross,* who was the father of *Thomas Ross,* left him a legacy of one hundred pounds, part of which is in the hands of *Samuel Ross,* who was the executor of the will; but which he claims a right to retain, because, he says, his testator, *John Ross,* was surety for his son, and that suit has been brought against him, as executor, and that the estate will have this money to pay.    He claims a right to retain the money until the estate be indemnified. This case must be viewed in the same manner as if suit had been brought by *Thomas Ross;* for the creditors of *Ross,* are in no better situation than *Ross* himself.    If an action had been brought for the legacy, the executor would have been entitled to a refunding bond, which must have been tendered and filed, before the commencement of the suit. But we will suppose this to have been done, and the defendant made defence, as here, would it avail him?    It appears to me clear, that it would.    It is a contingent liability, and it is easy to see, that unless the estate be secured from the legacy in the hands of the executor, they will have the whole money to pay, without any effectual remedy against *Ross.*    It would be unjust that the executor should be deprived of a remedy which is in his hands, that *Ross,* or what is the same thing, his creditor, should recover the legacy, and that the estate should be put to their action against *Ross,* success in which, is at least doubtful.    This contingent liability does not form an absolute defence, for peradventure, the money may never be paid. All the surety has a right to require, is a reasonable indemnity, which can be afforded him by a conditional verdict.    Whenever *Ross,* or his creditor, renders the executor safe from the claim impending on the estate, then, and not till then, he is entitled to this money; and this I understand is all that the executor requires.    Indemnify me from the claim, says the executor, and I am ready to pay over the balance of the legacy in my hands; and this is a proposition, as it appears to the court, highly reasonable.    He requests that terms may be imposed upon the plaintiff, so as to prevent the *estate from* coming to loss.    Every case of the kind must depend *on its own circumstances.*    It is for the jury to judge, under the direction of the court, whether the defence be a pretence, to avoid the payment of the money, or a well grounded fear, that the estate will come to loss, unless permitted to retain. It is an equitable defence, depending upon a variety of circumstances, of which we must judge as they arise.

Whether a legacy be the subject of a foreign attachment, in *Pennsylvania,* we shall not determine, as the point was not raised in the Court of Common Pleas.    In *England,* a legacy cannot be attached in the hands of an executor; because, it is uncertain whether, after debts paid, the executor may have assets to discharge it; because a legacy is not demandable, or suable at common law; and because, it may work a wrong to the creditors, who are third persons, and can have no day in court in the suit, to interplead. How far these reasons apply in *Pennsylvania,* we shall not decide,

(Ross, Garnishee of Ross, *v.* M'Kinny, for the use of Ross.)

as the cause will be remanded, and the executor will have the op-
portunity of raising the point in the Court of Common Pleas. ·

Judgment reversed, and a *venire facias de novo* awarded.