## Abbey *v.* Van Campen, Administrator.

A court of equity will not permit a plaintiff at law to enforce against the defendant the collection of a debt, when the defendant stands as surety for the plaintiff to an amount greater than that sued for, unless the plaintiff will fully indemnify the defendant against his liability as his surety, more especially if the plaintiff is shown to be insolvent.

A surety has, in respect of his liability, the right of a creditor as against his principal, and upon the insolvency of the principal debtor he may retain any funds belonging to such debtor by way of indemnity against his liability.

Some time in the year 1837, Richard Abbey indorsed several promissory notes for J. N. Dickinson, which were discounted in bank for the benefit of Dickinson, who loaned Abbey $1000 of the amount, for which Abbey gave Dickinson his promissory note, with the understanding that Abbey was not to repay the $1000 so long as the notes on which he was liable as indorser for Dickinson were unpaid. Soon after this agreement was made, Dickinson died, and William Van Campen, his administrator, sued Abbey on the note given by him to Dickinson for the $1000, while the notes on which Abbey was surety for Dickinson remained unpaid. Abbey informed Van Campen of the agreement with Dickinson in his lifetime, whereupon Van Campen assured Abbey that the estate of Dickinson was abundantly able to pay all its liability, and would do so; and upon this assurance Abbey suffered Van Campen to obtain a judgment at law for the $1000, without setting up the said agreement as a defence to the action. Execution issued on the judgment against Abbey, and he gave a forthcoming bond, which was forfeited in October, 1838. About this time Van Campen represented the estate of Dickinson to the probate court as insolvent, and had commissioners of insolvency appointed by the court. Up to this time none of the notes on which Abbey was surety for Dickinson had been paid.

. Abbey filed his bill in chancery to restrain the collection of the judgment at law against him, until the said notes on which he was

surety were paid. The injunction prayed for was granted, where-upon Van Campen, as administrator, filed his answer to the bill, denying all knowledge of the indorsement by Abbey of Dickinson's notes, and also of the agreement set forth in Abbey's bill, except that he had seen Abbey's name indorsed on the notes referred to ; and charges that Abbey made a vigorous defence of the action at law now sought to be enjoined.

The defendant then moved the court to dissolve the injunction on bill and answer.

MONTGOMERY and BOYD for complainant.

HEWITT and CARSON for defendant.

The CHANCELLOR.

This case was submitted on a motion to dissolve the injunction therein. The answer does not deny the agreement upon which I conceive the equity of the bill rests.

Here, then, is an express agreement, by which Abbey was at liberty to withhold the payment of the note for one thousand dollars, upon which he is sued, until Dickinson should release him from his liability as surety on notes made by Dickinson and indorsed for his accommodation by Abbey. This is certainly such an agreement between principal and surety as a court of equity would enforce for the protection of the latter. The allegation of the bill on this subject is not denied, and therefore stands admitted, on a mere motion to dissolve.

I entertain no doubt, however, that Abbey would, upon well considered principles of equity, have been entitled to the relief which he asks, even independent of the agreement set up by the bill, if the suit had been brought by Dickinson, in his life time, against him. A court of equity would not permit a plaintiff at law to enforce against the defendant the collection of a debt, when the defendant stood as surety for the plaintiff to an amount greater than that sued for, unless the plaintiff would fully indemnify the defendant against his liability as his surety, and especially if the plaintiff were shown to be insolvent. It would be rank injustice to permit a principal to collect a debt from his surety, and at the

same time leave his surety to pay a debt for him, without the most distant hope of reimbursement.

A surety has, in respect of his liability, the rights of a creditor, *as against his principal;* and, upon the insolvency of the principal debtor, he may retain any funds belonging to such debtor, by way of indemnity against his liability; otherwise a surety in such a case would be wholly without remedy, when the plainest principles of justice are in his favor. The cases of Williams, Adm'r. *v.* Helm *et al.* 1 Dev. Eq. R. 151, and Battle *v.* Hart, 2 Dev. Eq. R. 31, are fully in support of this view of the case.

The motion to dissolve the injunction must be overruled.