# Craighead, Appellant, *v.* Swartz.

*Principal and surety—Insolvency of principal—Indemnifying surety—Set-off.*

When a principal has become insolvent, the surety may retain the moneys of the principal or the amount of his indebtedness to the principal as a fund for his indemnity.

As between principal and surety, courts of equity always lend their aid for the protection of the latter. As soon as the surety's obligation to pay becomes absolute, he is entitled in equity to require the principal debtor to exonerate him, and he may file a bill to compel exoneration, although the creditor has not demanded payment from him.

In general, in order to support a set-off there must be cross demands between the same parties and in the same rights, such as would sustain mutual actions against each other, yet wherever there is the practicability of avoiding circuity of action and needless costs, with safety and convenience to all parties, or where there is a special equity to be subserved, and no equity of third parties to be injured, a set-off will be allowed upon equitable principles, though the case does not come within the language of the statute.

Where the payee of promissory notes under seal assigns them at a time when he is insolvent, and the notes are overdue, the maker of the notes may set off against them, in a suit by the assignee, a liability which had matured against the maker on notes indorsed by him as surety for the payee of the notes in suit.

Argued May 23, 1907. Appeal, No. 64, Jan. T., 1907, by plaintiff, from judgment of C. P. Cumberland Co., May T., 1905, No. 471, for defendants non obstante veredicto in case of Charles C. Craighead, surviving partner of the firm of R. R. Craighead & Bro., now for use of John A. Craighead, by W. P. Stuart, committee of said John A. Craighead, now for use of Margaret E. Craighead, Executrix of John A. Craighead, deceased, v. G. Wilson Swartz and R. W. Woods, Administrators d. b. n. c. t. a. of John W. Craighead, deceased. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Assumpsit on promissory notes.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $6,025.31, subject to question of law reserved.

The court subsequently entered judgment for defendants non obstante veredicto.

*Error assigned* was in entering judgment for defendants non obstante veredicto.

*E. M. Biddle, Jr.*, with him *Arthur L. Reeser* and *F. E. Beltzhoover*, for appellant.—A set-off to be allowed must be a debt between the same parties and in the same right: Union Nat. Bank v. Iron Co., 3 Sadler, 58; Longafelt v. Bartsher, 3 P. & W. 492.

A note does not cease to be negotiable on reaching maturity and passes to a purchaser exactly as it was before the purchase, free from set-offs growing out of distinct transactions : Ludwig v. Dearborn, 8 Pa. Dist. Rep. 69 ; Hughes v. Large, 2 Pa. 103 ; Downey v. Tharp, 63 Pa. 322 ; Long v. Rhawn, 75 Pa. 128 ; Young v. Shriner, 80 Pa. 463.

No one but a party to the suit can claim a set-off : Cramond v. Bank, 1 Binn. 64; Longafelt v. Bartsher, 3 P. & W. 492; Irwin v. Potter, 3 Watts, 271 ; Scott v. Fritz, 51 Pa. 418; Bentz v. Bentz, 95 Pa. 216 ; Mfg. Co. v. Haymaker, 138 Pa. 541 ; Loew v. Austin, 140 Pa. 41 ; Shaw v. Fleming, 143 Pa. 104; Bache v. Philips, 155 Pa. 103.

*S. B. Sadler*, for appellees.—A surety whose liability has

been fixed may set off the amount of such liability against the principal in an action by him or in an action by his assignee: Miller v. Kreiter, 76 Pa. 78 ; Baily's Est., 156 Pa. 634 ; Downey v. Tharp, 63 Pa. 322 ; Long v. Rhawn, 75 Pa. 128 ; Young v. Shriner, 80 Pa. 463 ; Ludwig v. Dearborn, 8 Pa. Dist. Rep. 69 ; Hughes v. Large, 2 Pa. 103 ; Peale v. Addicks, 174 Pa. 543 ; Newbold v. Boon, 6 Pa. Superior Ct. 511.

A creditor who takes a chose in action as collateral security for a pre-existing indebtedness is not a purchaser for value : Ashton's Appeal, 73 Pa. 153 ; Raken v. Henry, 16 Pa. Dist. Rep. 207; Kountz v. Kirkpatrick, 72 Pa. 376.

*R. W. Woods* and *G. Wilson Swartz*, for administrators.

Opinion by Mr. Justice Brown, October 21, 1907 :

The facts in this case are not in dispute. They appear in the special verdict returned by agreement of the parties. John W. Craighead, appellees' decedent, made and delivered three promissory notes to R. R. Craighead & Bro. The first, dated April 18, 1892, was for $1,445.96, payable one year after date; the second, dated April 15, 1897, was for $1,217.07, payable one day after date; the third, dated July 1, 1902, was for $1,018.51, payable one day after date. Each of these notes was under seal. On February 5, 1904, R. R. Craighead & Bro. transferred these notes to John A. Craighead as collateral security for the payment of two judgment notes held by him against them amounting to $5,009.38. At the time R. R. Craighead & Bro. transferred the notes of J. W. Craighead to John A. Craighead they were insolvent, and were so at the time of the trial below. Before they transferred the notes John W. Craighead had indorsed two of their notes in the Farmers' Trust Company of Carlisle, one, for $5,000, dated February 2, 1903, payable ninety days after date, and the other, for $2,500, dated April 20, 1903, payable ninety days after date. These two notes were protested for nonpayment, the first on May 4, 1903, and the second on July 20, 1903. On March 23, 1905, the Farmers' Trust Company brought suit against the estate of John W. Craighead on the notes indorsed by him, and judgment was recovered in September, 1906. In April, 1905, suit was brought by the committee of John A.

Craighead against the estate of John W. Craighead on the three notes he had given to R. R. Craighead & Bro., and which they had transferred to John A. Craighead. The estate of John W. Craighead is not sufficient to pay in full all the claims against it. The verdict of the jury, by consent of the defendants, was for $6,025.31, subject to reserved questions, the second being whether the liability incurred by John W. Craighead to the Farmers' Trust Company for the firm of R. R. Craighead & Bro. could be set off against the notes given by him to R. R. Craighead & Bro. and assigned by them to John A. Craighead.

The agreement upon which the special verdict was rendered and the legal questions reserved, was signed not only by the plaintiff and defendants, but by the Farmers' Trust Company. Whether that company is to be regarded as having been permitted by the agreement to intervene in the suit for the purpose of defending is immaterial. The one question, the right of the administrators of John W. Craighead, deceased, to make the defense that his liability as indorser for R. R. Craighead & Bro. must prevail against the claim of John A. Craighead's estate, is to be determined as if the Farmers' Trust Company was not a party to the stipulation for the special verdict and the reservation of the legal questions. Under a fair construction of this stipulation the court below very properly considered the right of the defendants to a set-off as against the legal plaintiff through whom the use plaintiff claimed, without regard to any intervention by the Farmers' Trust Company. Judgment was entered for the defendants on the reserved question, and from it we have this appeal.

If R. R. Craighead & Bro. on February 5, 1905, being at that time insolvent, had brought suit against John W. Craighead on his three notes held by them, he could have interposed as a defense, his liability as indorser on their protested paper held by the Farmers' Trust Company. When a principal has become insolvent, the surety may retain the moneys of the principal or the amount of his indebtedness to the principal as a fund for his indemnity : 27 Am. & Eng. Enc. of Law (2d ed.), 478. " A principal who is insolvent cannot collect a debt which the surety owes him without his indemnifying the surety :" 1 Brandt on Suretyship and Guaranty (2d ed.),

sec. 227. See also Abbey v. Van Campen, 1 Freem. Ch. (Miss.) 273; Mattingly v. Sutton, 19 W. Va. 19; Walker v. Dicks, 80 N. C. 263; Merwin v. Austin, 58 Conn. 22. "The surety of an insolvent debtor cannot be compelled to pay a debt he owes his principal until he is released of his responsibility of suretyship, and may retain what he owes as a counterclaim against such surety:" Scott v. Timberlake, 83 N. C. 382. In our own state, in Ross v. McKinny, 2 Rawle, 227, it was held that in an action to recover a legacy, the executor might demand a conditional verdict that would permit him to retain the legacy until he had been indemnified against a demand for which the testator was surety for the legatee. In Beaver v. Beaver, 23 Pa. 167, in an action by an administrator of an insolvent estate, it was held that the defendant was entitled to set off the amount paid on a note of decedent on which he was surety, although the payment was not made until after suit brought, on the ground that the equity of set-off originated when the obligation to pay became absolute. It was there said: "As between principal and surety, courts of equity always lend their aid for the protection of the latter. As soon as the surety's obligation to pay becomes absolute, he is entitled in equity to require the principal debtor to exonerate him, and he may file a bill to compel an exoneration, although the creditor has not demanded payment from him: Theobald's Principal & Surety, 226; Nisbet v. Smith, 2 Bro. C. C. 579; Lee v. Rook, Mosely, 318; Story's Equity, sec. 327." This was followed by Thompson v. McClelland, 29 Pa. 475. The defendant there, as surety of the legal plaintiff, who was insolvent, was allowed to set off the amount paid on a judgment recovered against him as surety, although such payment was made after suit had been brought against him. In Miller & Reist v. Kreiter, to the use of Bomberger, 76 Pa. 78, Reist, the defendant below, indorsed a note made by Kreiter. Before his indorsement of this note he had given Kreiter a non-negotiable note. This note Kreiter assigned to Bomberger, who brought suit upon it on January 25, 1872. On April 6, 1872, judgment was recovered against Reist as indorser of Kreiter, and it was held that on August 30, 1873, on the trial of the suit brought by Bomberger, Reist could set off the amount of the judgment recovered against him as Kreiter's in-

dorser. This court said : " As soon as the note was protested, June 10, 1871, and Reist's liability as indorser became fixed and absolute, he was entitled to call upon the maker to exonerate him from such liability, and that even before demand was made upon him for payment : Beaver v. Beaver, 23 Pa. 167. His right of set-off, as against any claim Kreiter had against him, may be said to have originated from this period."

The set-off allowed by the court in this case was an equitable one, and even if it may not have been technically within our defalcation act, it was a good defense in our courts, administering equity under common-law proceedings. As to this, it is said in Hibert v. Lang, 165 Pa. 439 : " In general in order to support a set-off there must be cross demands between the same parties and in the same rights, such as would sustain mutual actions against each other, yet wherever there is the practicability of avoiding circuity of action and needless costs, with safety and convenience to all parties (GIBSON, C. J., in Tustin v. Cameron, 5 Whart. 379), or where there is a special equity to be subserved, and no equity of third parties to be injured, a set-off will be allowed upon equitable principles, though the case does not come within the language of the statute."

What John W. Craighead or his personal representatives could have set up as a defense if the suit on the notes had been brought by R. R. Craighead & Bro., clearly could be set up in a suit by the assignee of these notes, for they were taken by John A. Craighead subject to any defense the maker might have had against the original holders at the time they were assigned. They were all under seal and over due. The stipulation of the parties, as properly construed by the court, having been that the question of the liability of John W. Craighead's estate to the plaintiff, in view of his liability to the Farmers' Trust Company as indorser on the notes of R. R. Craighead & Bro., should be raised and passed upon, without regard to the pleadings, the only possible conclusion, in the light of all the authorities, was reached by the learned trial judge. The assignments of error are overruled and the judgment is affirmed.