## WANNER v. LOUIS WANNER, JR., Inc.

(District Court, E. D. Pennsylvania. July 3, 1924.)

No. 1943.

1. **United States ⬳74—Contractor for government work held entitled in equity to set off amounts paid materialmen against a judgment recovered by receivers of an insolvent subcontractor.**

A subcontractor under a contract for government work brought an action at law against the contractor, which was continued by receivers after its insolvency, and resulted in a judgment. Subsequently the principal contractor and sureties on its bond paid claims for labor and material furnished to the subcontractor, for which suit had been brought against them under Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923). *Held*, that such payments were made as surety for the subcontractor, and should be set off against the judgment recovered by the receivers in the insolvency suit.

2. **Principal and surety ⬳185—Court of equity will exercise its powers for protection of surety.**

As between principal and surety, courts of equity always lend their aid for the protection of the latter, and, where a surety has been compelled to pay a debt of his principal, he will be permitted to retain an amount for which he is indebted to the principal as indemnity.

3. **Estoppel ⬳70(2)—Failure to plead set-off in action at law, held not an estoppel to assert it in equity.**

Failure of defendant, in an action at law, to plead as a set-off an unliquidated claim against it as surety for the plaintiff, *held* not to estop it to assert such set-off in equity, after payment of the claim, where no prejudice resulted from such failure.

In Equity. Suit by Emma Wanner against Louis Wanner, Jr., Inc. On exceptions of the William Linker Company to report of special master. Exceptions sustained.

Horace M. Schell, of Philadelphia, Pa., for plaintiff.

David H. Cohen (of Englander, Cohen & Korn), of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. [1] Prior to the filing of the bill in equity in this case, William Linker Company, hereinafter designated Linker Company, was engaged in the performance of a construction contract with the United States. Louis Wanner, Jr., Inc., hereinafter designated Wanner, was a subcontractor for a part of the work, and John R. Livezey and Bridgman Bros. furnished material to Wanner used in the performance of Wanner's contract with Linker Company. Linker Company had given bond to the United States with Max Lipschutz and Max Rothstein as sureties, in accordance with the provisions of the act of August 13, 1894, as amended February 24, 1905 (Comp. Stat. 1918, § 6923). On May 10, 1919, Wanner brought suit against Linker Company in this court. The bill in this suit was filed August 6, 1919, a temporary receiver was appointed the same day, and on August 24, 1919, permanent receivers were appointed. The receivers were substituted as plaintiffs in the suit against Linker Company, and on December 31, 1920, recovered a verdict in the sum of $2,063.69 for the balance due on the subcontract which Wanner had with Linker Company upon the government work.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In December, 1919, Bridgman Bros. and Livezey each brought suits against Linker Company, as principal, and Lipschutz and Rothstein, as sureties on their bond to the United States. After the receivers of Wanner had recovered their verdict, Linker Company, Lipschutz, and Rothstein paid Livezey $924 and Bridgman $535.85, the amounts due them for materials supplied by them respectively to Wanner in the performance of its contract with Linker Company.

Linker Company claimed that, as against the amount of the verdict obtained by Wanner's receivers against Linker Company, $2,063.69, Linker Company had the right to set off the amounts paid Livezey and Bridgman, totaling $1,459.85. Under a stipulation, the amount of the verdict—$2,063.69—was paid to the receivers and set apart as a special fund, without prejudice to the right of Linker Company to assert its claim of set-off before the special master.

After hearing and argument, the special master disallowed the claim of set-off, but allowed the claim of Linker Company for $1,459.85, the sum of the amounts paid Livezey and Bridgman Bros. as a general claim against the fund in the receivers' hands.

The grounds upon which the master based his rulings are: First, that the suits of Livezey and Bridgman Bros. were against Linker Company, Lipschutz, and Rothstein, and the amounts of the verdicts were paid by the three codefendants, while the suit of Wanner, continued by the receivers as substituted plaintiffs, was against Linker Company alone, and did not include the codefendants Lipschutz and Rothstein in the Livezey and Bridgman suits. Second, that no set-off was claimed in the suit against Linker Company for its contingent liability by reason of the suits of Livezey and Bridgman Bros., although those suits were brought prior to verdict against Linker Company and therefore after verdict for the receivers, the claim of set-off was too late.

The effect of the rulings of the special master is that the insolvent estate is enriched by receiving the full amount due the subcontractor, Wanner, from the principal contractor, Linker Company, without deduction of the amounts which Wanner owed its materialmen, Livezey and Bridgman Bros., for materials used by Wanner in the performance of its subcontract with Linker Company, upon which its receivers recovered their verdict and which Wanner has never paid. The insolvent estate therefore benefits to the extent of the amounts paid by Linker Company and its sureties to Livezey and Bridgman, and Linker Company pays in full for the benefit of Wanner's creditors a sum which has already been paid in full for their benefit.

The suit by Wanner against Linker Company was a suit at law. The cross-demand by reason of the payment of Wanner's indebtedness for materials supplied by Livezey and Bridgman Bros. had not been liquidated nor payment made. Hence the rule of Morrison v. Moreland, 15 Serg. & R. 61, cited by the special master as ground for refusing to allow the set-off in the equity suit, was sufficient reason for the set-off not being asserted in the suit at law. The principles of set-off as administered in equity, however, are broader and more liberally applied. The foundation of set-off is the prevention of circuity

of action. It is therefore the general rule, that the cross-demands must be held by the same persons and in the same rights, so that actions may be maintained thereon, each against the other. But the whole doctrine is founded on equitable principles. Hibert v. Lang, 165 Pa. 439, 30 Atl. 1004. Set-off was originally nothing more than an equitable defense, which the Legislature has thought fit in plain and simple cases to subject to the jurisdiction of the courts of common law, reserving to chancery its original jurisdiction of cross-demands, which do not fall within the statute. Courts of equity are competent to do complete justice without the statute. Frantz v. Brown, 1 Pen. & W. 257.

The condition of the bond given in public contracts, under the act of 1894 as amended, making the contractor and his sureties liable for the payment of any person furnishing labor or material in the performance of the contract, in effect makes the contractor become surety for his subcontractor for the payment of those to whom he would not be directly liable, such as materialmen supplying the subcontractor, if it were not for the provisions of the act. Its purpose was to give to subcontractors and materialmen a substitute for their right of lien under the state laws, which they could not have as against the property of the United States. United States v. Ansonia Brass & Copper Co., 218 U. S. 452, 31 Sup. Ct. 49, 54 L. Ed. 1107.

[2, 3] The relations of the parties, therefore, as between Wanner on the one part and Livezey and Bridgman Bros. on the other part, were that Wanner was the principal debtor, and that Linker Company became surety for Wanner's debt to these materialmen. As between principal and surety, courts of equity always lend their aid for the protection of the latter, and when a principal has become insolvent, as Wanner did in this case, and the surety has been compelled to pay his debt, the surety may retain the amount of his indebtedness to the principal as a fund for his indemnity. And, as soon as the surety's obligation to pay becomes absolute, he is entitled in equity to compel, exoneration, even though the creditor has not demanded payment from him, and equity applies the right of set-off wherever there is the practicability of avoiding circuity of action, or where there is a special equity to be subserved, and no equity of third parties to be injured. Craighead v. Swartz, 219 Pa. 149, 67 Atl. 1003; Thompson v. McClelland, 29 Pa. 475, where the defendant, as surety of the legal plaintiff, was allowed to set off the amount paid on a judgment recovered against him as surety, although such payment was made after suit had been brought against him. The claimant here cannot be held to have been estopped from setting up its claim of set-off in the suit in equity against the insolvent because it failed to do so in the suit at law, for it does not appear that either Wanner or its receivers, as the plaintiffs in that suit, were, by reason of Linker's failure to set up the set-off, induced to injuriously alter their position. Drexel v. Berney, 122 U. S. 241, 7 Sup. Ct. 1200, 30 L. Ed. 1219; North Chicago Rolling Mill Co. v. St. Louis Ore & Steel Co., 152 U. S. 596, 14 Sup. Ct. 710, 38 L. Ed. 565; Scott v. Armstrong, 146 U. S. 499, 13 Sup. Ct. 148, 36 L. Ed. 1059—are authorities for the propositions above stated and for the ordinary rule of set-off in cases of insolvency that, where the mutual

obligations have grown out of the same transactions, insolvency on the one hand justifies the set-off of the debt due on the other.

Applying equitable principles to the case at bar, it is held that Linker Company was not estopped to assert its claim of set-off in the present proceeding by reason of its failure to assert the right to set-off in the suit at law; that, having become by virtue of the bond surety of Wanner for the payment of its debts to its materialmen, and its obligation to its sureties on the bond being an absolute one for their indemnification, and there being no intervening equities of third parties to be injured, the claim of set-off should be allowed.

The exceptions to the report of the special master are therefore sustained, and it is ordered that his schedule of distribution be modified accordingly.