# Ross, Appellant, *v.* Waite and Parks.

*Principal and surety—Judgments—Consideration—Equity—Injunction.*

In an action to restrain the holder of a judgment note from disposing of any part of personal property purchased by him at a sheriff's sale, it appeared that the judgment had been given by a principal to indemnify a surety against his liability upon certain notes. It also appeared that the principal was heavily indebted and the sale of his personal property by the sheriff was imminent and could not be avoided; that an agreement was entered into that the surety should pay all the notes upon which he was endorser except one, and that a judgment note should be given by the prin-

cipal to the surety in consideration of the latter's agreement to pay the notes. *Held,* that the bill was properly dismissed.

The principal was bound to keep the surety not only indemnified, but unmolested, and upon the sale of the property of the principal, even before the surety was at all damnified, the judgment given to indemnify the surety was entitled to payment out of the proceeds of the sale.

Argued October 27, 1924. Appeal, No. 93, Oct. T., 1924, by defendants, from judgment of C. P. ,Blair Co., Equity Docket, No. 990, Sitting in Equity, in the case of T. Dean Ross, Trustee, v. S. L. Waite and I. N. Parks. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Bill in equity for injunction to set aside execution and enjoin re-sale. Before BALDRIGE, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill. Plaintiff appealed.

*Errors assigned* were various rulings on plaintiff's requests for findings of fact and conclusions of law, and the decree of the court.

*Marion D. Patterson,* for appellant.

*Robert W. Smith,* for I. N. Parks, appellee.

OPINION BY PORTER, J., March 13, 1925:

The plaintiff, as trustee for the Farmers and Merchants Bank, of Williamsburg, Pa., filed this bill in equity averring that Waite was indebted to said bank in the sum of $600; that on October 31, 1921, Waite executed and delivered to Parks his judgment note in the sum of $925, upon which judgment was the same day entered and execution issued; that the personal property of Waite was sold upon executions, issued upon a judgment held by the First National Bank of Williams-

burg, and upon the Parks judgment; that Parks became the purchaser of nearly all of said personal property of Waite at the sale by the sheriff, at inadequate prices; that the judgment note given by Waite to Parks was fraudulent and given without any consideration and was executed and delivered and execution issued thereon for the purpose of hindering, delaying and defrauding the creditors of Waite, particularly this plaintiff. The bill prayed that an injunction issue restraining Parks from disposing of any part of the personal property purchased by him at the sheriff's sale; that the judgment of Parks against Waite and all proceedings thereunder be decreed to be void and fraudulent; and that it be decreed that Parks return all of the personal property to the premises of Waite. The court below issued a preliminary injunction. The respondents filed an answer denying the material allegations of the bill and averring that the judgment note had been given by Waite to Parks to indemnify the latter against his liability as surety for Waite upon certain notes, which exceeded the amount for which the judgment note was given; that Waite was heavily indebted and the sale of his personal property by the sheriff was imminent and could not be avoided; that the First National Bank had already issued execution on its judgment, which judgment was on a note upon which Parks was surety for Waite; that Waite and Parks had agreed that Parks should pay all of the notes upon which he was surety, except the note of the First National Bank and that the judgment note was given by Waite to Parks in consideration of Parks' agreement to pay the notes upon which he was liable as surety. The case proceeded to a final hearing and the court, after consideration of the evidence, filed a decree dissolving the injunction and dismissing the bill at cost of the plaintiff.

The assignments of error which refer to findings of fact by the learned judge of the court below must be dismissed for the reason that they are supported by com-

· petent evidence. It was undisputed, under the pleadings and evidence, that Parks was surety or endorser on obligations of Waite to an amount in excess of that for which the judgment note was given. There was, it is true, at that time only one of those obligations, that to the First National Bank, which was overdue. The first execution which became a lien upon the personal property of Waite was that issued on the judgment of the First National Bank, the execution upon the Parks judgment followed. The execution upon the judgment of the First National Bank was satisfied by the proceeds of the sheriff's sale. The sheriff had appropriated out of the proceeds of the sale the sum of $164.70 to tax claims, which were unchallenged. The sum realized on the Parks execution was $575.61. It was an undisputed fact that Parks, after the sale, had performed his covenant to pay the obligations of Waite upon which he (Parks) was liable as surety or accommodation endorser, which amounted in the aggregate to a sum larger than the amount for which the judgment note in question was given. It is here interesting to observe that among the claims which Parks thus paid was one for $155, which he paid to this plaintiff. The learned judge of the court below found as a fact that Parks, prior to the sale by the sheriff, visited the Farmers and Merchants Bank for the purpose of negotiating a loan, the proceeds of which were to be applied to pay obligations to be created at the sheriff's sale, that is, to provide him with money to bid at the sheriff's sale; that he talked with this plaintiff, who was cashier of the bank, about the matter, and that the latter had full knowledge that the sheriff's sale was about to be had. He also found that the sale by the sheriff was properly conducted and duly advertised, that there was competition at the sale and the goods were sold to the highest and best bidders, and that bidders were not deterred by Parks, and that there was no fraudulent agreement or understanding

103, (1925).]        Opinion of the Court.

between the parties.   These findings were fully supported by the evidence.

The legality of the proceedings hinges largely on the question as to whether the delivery to Parks of the judgment note was fraudulent as to the plaintiff, a creditor of Waite, under the then existing conditions.   Parks was liable, as surety or endorser, upon obligations of Waite greater than the amount for which the judgment note was given, but only one of said obligations was then overdue, and Parks had not paid anything on account of Waite's indebtedness.   Was Parks bound to wait until he had been required to pay money for the principal debtor, before obtaining the protection which the judgment note gave him?   "The principal was bound to keep the surety not only indemnified, but unmolested; and to this end the judgment given the latter was put into his hands, as an instrument to extract payment from the funds of the principal debtor, and thus to compel him to do what he ought to do": Bank v. Douglass, 4 Watts 95. It was in that case distinctly held that upon the sale of the property of the principal, before the surety is at all damnified, the judgment given to indemnify the surety was entitled to payment out of the proceeds of the sale; that the surety was entitled to compel payment of the debt by the principal.   Concerning this right of a surety, it was said, in Stroh v. Kimmel, 8 Watts 157: "The latter may be unable to advance the money; and his poverty might present an insuperable bar to redress, could he not take it, in the first instance, from the pocket whence it is ultimately to come:"   This principle was recognized and approved in Ardesco Oil Co. v. Mining & Oil Co., 66 Pa. 381; and Condran v. Kennedy, 56 Pa. Superior Ct. 362.   The assignments of error are dismissed.

The decree is affirmed and the appeal dismissed at cost of the appellant.