On April 4th, 1930, the complainant and the defendant Junior Company and Senior Corporation executed a bond to The New Jersey Title Guarantee and Trust Company, conditioned for the payment of $350,000 on May 1st, 1933. Simultaneously therewith Junior Company and Senior Corporation executed and delivered to the trust company a mortgage on premises in the city of Newark, to secure payment *Page 389 
on the bond. The principal not being paid on the due date and a quarterly installment of interest also remaining unpaid, the trust company instituted suit in the New Jersey supreme court against the Junior Company and Senior Corporation for the interest due May 1st, 1933, and against Keer for both the interest due May 1st, 1933, and the principal sum with interest from May 1st, 1933.
Complainant's bill alleges that he joined in the execution of the bond as surety for Junior Company and Senior Corporation; that the mortgaged premises are primarily liable for the payment of the amount due on the bond and that complainant's obligation is not enforceable as against him until after the mortgage has been foreclosed and the mortgaged premises sold, and then only to the extent of the difference between the amount due under the foreclosure decree and the fair market value of the mortgaged premises at the time of the sheriff's sale. Federal Title andMortgage Guaranty Co. v. Lowenstein, 113 N.J. Eq. 200. His prayer is that the land and Junior Company and Senior Corporation pay the mortgage indebtedness, thus exonerating him from liability; that the trust company be required to foreclose its mortgage; and that its action at law on the bond be restrainedpendente lite.
The matter is now before the court on the return of an order to show cause why a preliminary restraint of the action at law should not be continued, and on motion on behalf of the defendant trust company to strike the bill.
It is settled law in this state that a mortgagee may not sue at law on his bond until after the mortgage has been foreclosed.P.L. 1880 p. 255, as amended P.L. 1881 p. 184; P.L. 1933 p.172; Hellyer v. Baldwin, 53 N.J. Law 141. The latest judicial pronouncement on this point is Wildwood Title and Trust Co. v.Geisenhoner, 11 N.J. Mis. R. 871. Defendant contends that the mortgage was not given as surety for Keer's obligation, but only for those of the two mortgagors, and that therefore the act does not apply. Obviously this is not so. The mortgage is security for the debt evidenced by the bond and there is but one debt. The interest *Page 390 
in default is not a debt which has been severed from the principal such as may be recovered at law without first foreclosing. Lovett v. Lessler, 99 N.J. Eq. 251. It is argued that the institution of a suit at law for the interest alone accomplishes a severance. But it does not; and even if it did, in the instant case the suit at law against the complainant is for both principal and interest without any suggestion of severance. I entertain no doubt that a severance might be accomplished by the substitution of notes for the interest as was suggested in the Lovett Case, supra, but that has not been done. And there is a wide difference between the bond and mortgage here involved and corporate bonds with coupons attached secured by a trust mortgage such as were involved in Fidelity Mutual Life InsuranceCo. v. Wilkes-Barre and Hazleton Railroad Co.,98 N.J. Law 507, and other similar cases cited in the Lovett Case. It is true that a mortgage may be foreclosed for interest only (ThePennsylvania Co., c., v. Broadway-Stevens Co., 105 N.J. Eq. 494; P.L. 1932 p. 247) but those authorities do not support the defendant's argument, and the statutory prohibition (3 Comp.Stat. p. 3421, as amended P.L. 1933 p. 172) cannot thus easily be circumvented. The instant mortgage was given to secure the interest as well as the principal of the debt evidenced by the bond. That being the case, the definite and positive provisions of the statute cannot be avoided.
This defense might well be asserted in the suit at law, but complainant also asks the court to determine that his obligation is that of surety, and not that of principal, to the end that the trust company may be compelled to resort first to the property of the principal, for the collection of its debt. Such a question is properly presented to this court, as it is in this court alone that exoneration, which complainant seeks, may be obtained.Stulz-Sickles Co. v. Fredburn Construction Co., 114 N.J. Eq. 475.
Jurisdiction being thus acquired, all related issues will be determined by this court. Chancellor of New Jersey v.Towell (Court of Errors and Appeals), 80 N.J. Eq. 223.
Defendant insists that Law v. Smith, 68 N.J. Eq. 81, where the court refused to grant the *Page 391 
relief sought, is identical with the present situation. But that involved a suit for specific performance of an agreement to purchase the mortgage at its maturity. The cases are by no means parallel, and complainant should not be compelled to defend an action at law on the bond until after a foreclosure and sale of the mortgaged premises (Took v. ----, Dickens 785) whether he be principal or surety, and more especially so if he be the latter; "for until it is sold, the estate remains a pledge, andnon constat, but it may be ample." Lord Thurlow, in Took v. — --, supra.
On defendants' motion to strike the bill, the allegations of the bill are presumed to be true. Accepting those allegations as true, the bill presents ample grounds for equitable relief, and the cause must go to final hearing.
The preliminary restraint will be continued.