## Massachusetts Bonding & Insurance Co. v. Smyser-Royer Co.

*John A. Hoober* and *Swartz, Campbell & Henry,* for plaintiff.

*Robert C. Fluhrer,* for defendant.

ANDERSON, J., November 22, 1943.—Plaintiff bonding company in this proceeding executed a bond as surety for defendant guaranteeing performance by defendant of a certain contract entered into by defendant with the Bureau of Supplies and Accounts of the Navy Department. Because of its failure to comply with the terms of the contract defendant became indebted to the Navy Department in the sum of $4,513.75, payment of which was requested from defendant. Since this amount, or any part thereof, has not been paid to the Navy Department, plaintiff filed a bill in equity asking the court to order and decree the payment by defendant of the amount due the Navy Department so as to effect exoneration of the surety and also asked for the appointment of a receiver for defendant company. Defendant filed preliminary objections to plaintiff's bill and after argument thereon the matter is now before the court for decision. Defendant alleges as reasons for dismissing the bill that plaintiff (surety) has not been called upon to pay any of the obligations of defendant to the third party (Navy Department), which is not a party to the bill, and that defendant has not been adjudicated to be indebted to the Navy Department. Defendant further alleges its own solvency; that there is no need for the appointment of a receiver, and that plaintiff has a full and adequate remedy at law.

For the purpose of this proceeding the court must regard all allegations of fact contained in the bill of complaint, which are properly pleaded, as admitted: Kaufmann v. Kaufmann, 222 Pa. 58. Consequently the question for determination is whether plaintiff is entitled to the relief sought on the theory of exoneration

even though there has been no formal adjudication of the amount due the Navy Department, and no demand on the surety for payment has been alleged. It is clearly the established law in this State that as between principal and surety equity always lends aid for the protection of the surety. As soon as the surety's obligation to pay becomes absolute he is entitled in equity to require the principal debtor to exonerate him and he may file a bill to compel an exoneration although the creditor has not demanded payment from him: Craighead v. Swartz, 219 Pa. 149; Ardesco Oil Co. v. North American Oil & Mining Co., 66 Pa. 375; Thompson v. McClelland, 29 Pa. 475. "Exoneration may be demanded of a principal by a surety as soon as the surety's obligation to pay becomes absolute; that is, after the debt has fallen due": 32 Vale Pa. Digest, Principal and Surety, par. 179, and cases therein cited.

In the case of Southwestern Surety Insurance Co. v. Wells et al., 217 Fed. 294, the United States District Court for the Eastern District of Pennsylvania held that, where a surety's obligation to pay has become absolute, the principal may be required to pay in relief of the surety by an application of the doctrine of exoneration in equity. Since the bill alleges that defendant's indebtedness to the Navy Department has become absolute and responsibility therefor has been specifically admitted by defendant, it is apparent that plaintiff is entitled to exoneration as prayed in the bill.

As to the question raised in the preliminary objections relative to the appointment of a receiver, wherein defendant alleges there is no need of a receiver and no advantage would be gained from such appointment, it is obvious that these assertions are argumentative and premature at this time, as the right to have a receiver appointed will depend entirely upon the facts of the case.

In considering the last objection that plaintiff has a full, complete and adequate remedy at law, it must be

borne in mind that plaintiff is suing on the equitable doctrine of exoneration which necessitates bringing the action in equity. It may well be that some time in the future plaintiff may have an adequate remedy at law in this situation, but as the facts now stand as recited in the bill plaintiff's only remedy is an equitable one.

"Surety whose right to exoneration was merely equitable must sue in equity": Glades County, Fla., v. Detroit Fidelity & Surety Co. et al., 57 F.(2d) 449; Stulz-Sickles Co. v. Fredburn Const. Co., 114 N. J. Eq. 475; Keer v. N. J. Title Guarantee & Trust Co. et al., 170 Atl. 887.

In passing the court feels constrained to comment that if defendant's financial condition is sound, as was stated at the argument, and if the reason the Navy's claim has not been paid is that it is in the process of adjustment with the Government authorities as alleged, there would seem to be a much simpler way to end this controversy to the complete satisfaction of all concerned than by the rather circuitous procedure of legal action.

And now, to wit, November 22, 1943, defendant's answer raising preliminary objections to plaintiff's bill in equity is dismissed, and defendant is allowed 30 days from this date to file an answer to plaintiff's bill.