## Fidelity and Casualty Co. of New York v. Tortorete

*Robert E. Wayman,* for plaintiff.

*Stephen A. Zappala,* for defendants.

OLBUM, J., July 20, 1967.—On February 10, 1967, plaintiff presented to the motions judge of this court a petition labeled, "Petition for Exoneration," which was taken under advisement by that judge. After consultation between counsel and the court looking toward an amicable resolution of the matter, that petition was ordered filed in the prothonotary's office, and became the original document at the above number and term.

On July 14, 1967, at the same number and term, plaintiff presented to us, sitting as motions judge, a second petition, the purport of which is precisely the same as that of the original petition. This petition avers, in substance, that on May 15, 1961, plaintiff entered into a "general contract of indemnity" with John N. Tortorete as principal, and John N. Tortorete and Martha J. Tortorete as indemnitors, which contract contemplated the execution by the plaintiff, as surety, of certain surety bonds for the benefit of John N. Tortorete, the principal, since deceased. The petition further avers that, following the execution of said general contract of indemnity, plaintiff, as surety for John N. Tortorete, executed: (1) a maintenance bond to the Borough of Whitehall in connection with certain road work performed in the borough by the principal; (2) a labor and materialmen's bond in connection with certain sewer construction to be performed by the principal in the Borough of Greentree; and (3) a labor and materialmen's bond to the Wilkinsburg-Penn Joint Water Authority in connection with the installation of a water main in Penn Hills Township. It is averred that three separate actions have

been filed on said bonds against both the plaintiff and the principal, seeking damages for alleged breaches by the principal of his undertakings under said construction contracts, which actions can be settled by plaintiff with the claimants for substantially less than the total amount of the claims.

The petition avers that the defendants have refused to comply with the indemnity contract, and it prays for an order "compelling the defendants to place with the Company (plaintiff) the sum of $5,600 to protect the Company against the claims and suits heretofore set forth in this petition." The basis for the petition is averred to be those provisions of the indemnity contract by which the principal and the indemnitors (defendants) agreed (1) to "indemnify and keep indemnified the Company from and against any and all claims, demands, losses, damages . . . judgments and adjudications whatsoever, that the Company shall or may for any cause at any time sustain or incur by reason of or in consequence of the said bonds . . ." and (2) "to place the Company in possession of funds whenever necessary for the Company's protection against such claims, demands, losses, damages . . . judgments and adjudications whatsoever, and to pay to the Company, before the Company shall be compelled to pay the same, all damages, losses, . . . for which the Company shall become liable by reason of or in consequence of the said bonds. . . ."

Counsel for plaintiff has not directed our attention to any authority, nor are we aware of any, which grants to this court the power, on the basis of a petition which is employed to commence an action, to order a principal "to place with" a surety funds to protect the surety against claims made against it and the principal. An action may be commenced only by one of the three methods provided in Pa. R. C. P. 1007, namely, (1) a praecipe for a writ of summons, (2) a

complaint, or (3) an agreement for an amicable action. A petition for a rule to show cause, which this petition actually is, "is not properly original process in any case, but is auxiliary, and for the facilitating of jurisdiction already acquired . . ." In the absence of a statute authorizing it, a petition for a rule to show cause cannot be used as an original process: Short v. Board of the School District of Upper Moreland Township, 108 Pa. Superior 503.

None of the authorities cited by counsel for plaintiff supports its right to the order it seeks. In Globe Indemnity Co. v. Mushinski, 114 Pitts. L. J. 387, a judgment against one of the indemnitors on a contract of indemnity had been entered by confession by virtue of a warrant of attorney to confess judgment contained in the indemnity contract. Judgment by confession under a written instrument, where there is no action pending, results from an authorization contained in the instrument which constitutes a voluntary submission to the court's jurisdiction to enter judgment without the necessity for commencing an action in the usual way. It is, by statute, one of the methods by which a suit may be filed, being specifically authorized by the Act of Feb. 24, 1806, P. L. 334, 4 Sm. L. 270, sec. 28, as amended, 12 PS §739. However, the indemnity contract before us contains no such warrant of attorney, there has been no judgment by confession here, and the jurisdiction of this court cannot attach unless an action is commenced by one of the methods prescribed in the rules. Globe Indemnity Co., supra, therefore, bears no resemblance whatsoever to the proceeding before us.

The additional authorities cited by plaintiff are equally unavailing in this proceeding for the simple reason that they establish that the plaintiff's remedy, if any, lies *in equity*. In 35 P. L. Encyc. §134, p. 474, it is said:

"A surety who wishes to compel exoneration from his principal before he is called upon to pay but after his obligation to pay has become absolute, may maintain an action in *equity* therefor". (Italics supplied.)

To the same effect is Massachusetts Bonding & Insurance Co. v. Smyser-Royer Co., 51 D. & C. 464, which was a *bill in equity*. And finally, plaintiff cites Craighead v. Swartz, 219 Pa. 149, an assumpsit action, in which the court quotes from Beaver v. Beaver, 23 Pa. 167:

"As between principal and surety, *courts of equity* always lend their aid for the protection of the latter. As soon as the surety's obligation to pay becomes absolute, he is entitled *in equity* to require the principal debtor to exonerate him, and he may file *a bill to compel exoneration* . . ." (Italics supplied.)

As we have said, plaintiff's remedy against the principal at this point lies in equity. By Pa. R. C. P. 1501, the procedure in equity shall be in accordance with the rules relating to an action in assumpsit. Therefore, an action in equity must be commenced in accordance with Pa. R. C. P. 1007, to which we have already alluded. An action in equity cannot be commenced by a petition. The law provides no such surrogate. The petition therefore must be denied.

ORDER OF COURT

Now, July 20, 1967, the petition of plaintiff for an order compelling defendant to place with plaintiff the sum of $5,600 is hereby denied.